UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ANGEL LUIS RODRIGUEZ,<br><br>Plaintiff,<br><br>V.<br><br>HARLEY LAPPIN, et al.,<br><br>Defendants. | ) | Civil No. 08-347-GFVT<br><br>**MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

The Court considers the "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" ("Motion to Dismiss") [Record No. 22] filed by counsel for Richard Ramirez, M.D. and Lisa Gregory, who are the remaining federal defendants in this civil rights action. For the reasons set forth below, the defendants' Motion to Dismiss will be granted and this action will be dismissed with prejudice.

**I.**

Angel Luis Rodriguez is confined in the United States Penitentiary- McCreary ("USP-McCreary"), located in Pine Knot, Kentucky. On October 29, 2008, Rodriguez filed this civil rights action [Record No. 2]. He asserts claims under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Rodriguez alleges that the defendants refused to provide him with proper medical treatment for a serious medical condition. That claim would fall under the Eighth

Amendment to the United States Constitution, which prohibits cruel and unusual punishment.

Specifically, Rodriguez states that since 2004 he has suffered from an inflamation of the sinuses and other symptoms related to a deviated septum. Rodriguez alleges that USP-McCreary officials have refused either to authorize surgery or to prescribe necessary medications, both of which were recommended by an Ear, Nose and Throat ("ENT") specialist. He further alleges that he has been complaining about the lack of medical care since 2004.

Rodriguez states that most of his medical care complaints arose while he was confined at United States Penitentiary-Big Sandy, another federal prison located in Inez, Kentucky. He adds that the Bureau of Prison's ("BOP") pattern of denying him proper medical care has continued since May of 2008, when he was transferred to USP-McCreary.

Rodriguez named the following defendants: (1) Harley Lappin, Director of the Bureau of Prisons ("BOP"); (2) Richard Ramirez, M.D., Regional Director of BOP Health Services; (3) Lisa Gregory, the Director of the BOP Health Services Administration; (4) USP-Big Sandy; (5) USP-McCreary; and (6) John and Jane Doe Defendants. Rodriguez demanded relief in the form of compensatory damages in the amount of $100,000.00, punitive damages in the amount of $50,000.00, and trial by jury.

By Order entered on March 10, 2009, the Court dismissed the following claims: (1) the claims asserted against USP-Big Sandy and USP-McCreary; (2) the plaintiff's official capacity Eighth Amendment claims against Defendants Dr. Richard Ramirez and Lisa Gregory; and (3) the official capacity and individual capacity claims asserted against

Defendant Harley Lappin. The Court allowed Rodriguez's individual capacity Eighth Amendment claims against Defendants Ramirez and Gregory to proceed.[1]

On July 27, 2009, Defendants Rodriguez and Gregory filed the Motion to Dismiss which is currently before the Court for consideration [Record No. 22].[2] First, the defendants argue that Rodriguez's complaint is barred by the applicable statute of limitations. They base their argument on the fact that Rodriguez stated that he became aware of the alleged need for surgery on his deviated septum in September of 2004.

Second, they argue that Rodriguez has not established liability against either of them under the Eighth Amendment to the United States Constitution. To that end, they maintain that the complaint lacked specificity as required under Fed. R. Civ. P. 8(a)(2). They also deny that Defendant Gregory was actively or directly involved in the plaintiff's medical treatment. Defendant Gregory submitted a sworn Declaration in which she explains that as the Health Service Administrator at USP-McCreary, she was involved only in the administrative aspects of the Health Service Department at USP-McCreary, such as overseeing staffing, employee scheduling, financial management, training, purchase authorizations, program and peer

---

[1] The reasons for the dismissal of the various *Bivens* claims are set forth in detail in the March 10, 2009 Order [Record No. 7]. The Court will not reiterate those conclusions here.

[2] Relevant is the fact that when the defendants filed their Motion to Dismiss on July 27, 2009, they certified that a copy of the Motion and all attachments were mailed to Plaintiff Rodriguez at his address of record, USP-McCreary. Further, the defendants have filed nothing in the record indicating that this copy of the motion was returned to them by the United States Postal Service as undeliverable for any reason. Plaintiff Rodriguez has filed nothing in the record indicating that he has a new address. Finally, review of the BOP's website for inmate locator, bop.gov, reveals that as of August 27, 2009, Rodriguez was still listed as an inmate at USP McCreary.

reviews.

As for the claims asserted against Dr. Richard Ramirez, the defendants argue that under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), and *Westlake v. Lucas*, 538 F.2d 857, 860 (6th Cir. 1976), the plaintiff's disagreement over the diagnosis and course of medical treatment prescribed at both federal prisons does not amount to "deliberate indifference" under the Eighth Amendment. In his sworn Declaration, Dr. Rodriguez outlines in detail the medical treatment which Rodriguez has received at USP-McCreary, and he submitted, under seal, copies of Rodriguez's BOP medical records. Dr. Ramirez notes that Rodriguez has not complied with medical instructions he received regarding the treatment for his complaints. Dr. Rodriguez further states that during many of his visits for medical consultations and treatment, Rodriguez failed to even mention medical problems associated with a deviated septum. Dr. Ramirez argues that Rodriguez failed to establish that he was either subjectively or objectively indifferent to Rodriguez's serious medical needs. He contends that because Rodriguez was afforded comprehensive and necessary medical treatment for not only his nasal condition but also a host of other medical conditions, he did not violate Rodriguez's Eighth Amendment rights.[3]

---

[3]The defendants also argue that all official capacity claims against them are barred by the doctrine of sovereign immunity. As the Court previously reached that conclusion in the March 10, 2009 Order and dismissed all official capacity claims against the defendants, that issue is moot. Further, the defendants argue that they are entitled to qualified immunity. As the Court disposes of the plaintiff's claims on other grounds, discussion of that argument is unnecessary.

**II.**

**A.**

Dismissal of this action is appropriate for two reasons. First, by failing to respond to or to otherwise controvert the defendants' Motion to Dismiss, and by failing to timely seek an extension of time in which to do so, Rodriguez has waived any objection he might have had to the defendants' motion. Section 7.1(c) of the Joint Local Rules of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky provides that a party has fifteen (15) days in which to file a response to a motion. Discounting the day of service (*see* Fed. R. Civ. P. 6(a)(1)) and allowing for an additional three days for mailing (*see* Fed. R. Civ. P. 6 (d)), Rodriguez's response to the Motion to Dismiss would have been due on or about August 12, 2009.

In *Scott v. State of Tenn*., 878 F.2d 382, 1989 WL 72470 (6th Cir. 1989), the Sixth Circuit held that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." (citing *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd*, 577 F.2d 740 (6th Cir. 1978) (unpublished per curiam)). The Sixth Circuit continued:

> In *Elmore*, we affirmed a district court order that granted defendants' motion for a judgment on the pleadings. Because the plaintiff failed to make a timely response to defendants' motion, the district court properly deemed the plaintiff to have waived his objections and found the defendants' motion to be meritorious.

*Scott*, 1989 WL 72470, at *2 (internal citations omitted). Nineteen years later, on May 15, 2008, the Sixth Circuit quoted from *Scott* and *Elmore*, *inter alia*, in affirming the dismissal of

a complaint upon the defendants' motion to dismiss which went unopposed in the United States District Court for the Northern District of Ohio. *Humphrey v. United States Attorney General's Office*, 2008 WL 2080512 (6th Cir. 2008) (slip op.). The Sixth Circuit affirmed the district court's dismissal after reiterating the waiver principle as stated in *Scott* and also finding that the non-responsive plaintiff's "claims are not well taken."[4] *Id.* at *3.

As noted previously, Rodriguez has not filed a response to the Motion to Dismiss. The arguments set forth in the defendants' Motion to Dismiss are therefore not controverted. Based on *Humphrey*, the defendants' motion will be granted.

**B.**

**1.**

Federal Rule of Civil Procedure 12(b)(6) provides for a defendant to move for dismissal for a plaintiff's "failure to state a claim upon which relief can be granted." A complaint should be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The plain language of the rule requires that if the Rule 12(b)(6) motion has attachments which the Court considers, such as the declarations herein, then the motion "shall" be converted into a motion for summary

---

[4] The court stated as follows: "Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived." *Humphrey*, 2008 WL 2080512, at *3.

judgment pursuant to Rule 56. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). As the Court has considered the sworn Declarations submitted by the defendants, it must also examine the standards for summary judgment. Summary judgment should be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence, all facts, and any inferences that may be drawn from the facts must be viewed in the light most favorable to the nonmovant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 245 (6th Cir.), *cert. denied,* 522 U.S. 967 (1997). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

The moving party has the burden of showing there is an absence of evidence to support a claim. *Celotex*, 477 U.S. at 324-25. After the moving party carries its burden, the non-moving party must go beyond the pleadings to designate by affidavits, depositions, answers to interrogatories, and admissions on file, specific facts showing that there is a genuine issue of material fact for trial. *Id.* If the non-moving party completely fails to prove

an essential element of his or her case, then all other facts are rendered immaterial. *Id.* at 322-23. With these standards in mind, the Court addresses the defendants' motion under Rule 56.

**2.**

Aside from Rodriguez's failure to respond, the arguments set forth in the defendants' Motion to Dismiss are well taken and supported factually and legally. The Court agrees that the applicable statute of limitations bars Rodriguez's Eighth Amendment medical claims. During an Ear Nose and Throat consultation on September 8, 2004, Rodriguez was told that he suffered from a deviated septum and swelling of the membranes suggestive of allergic rhinitis (nasal irritation or inflamation). He was also told on that date that a septoplasty procedure was recommended. Dr. Ramriez examined Rodriguez on September 29, 2004, at which time Rodriguez explained that he had experienced nose problems for two years due to his frequent use of cocaine. On that date, Dr. Ramirez refused to authorize the surgery. The course of treatment which Rodriguez received thereafter was more conservative than what the he preferred.

In Kentucky, the applicable statute to be borrowed for civil rights claims is the one-year statute of limitations for residual tort claims found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, 782 S.W.2d 609, 613 (Ky. 1989). A cause of action "accrues" and the statute of limitations thereon begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury that provides the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th

Cir. 1991) (courts look for the event that should alert a typical lay person to protect his or her rights); *Bagley v. C.M.C. Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir. 1991); *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986).

Here, Rodriguez's claims accrued on September 29, 2004, when Dr. Ramirez first put him on notice that the BOP would not authorize surgery to correct the deviated septum. As the defendants correctly note, Rodriguez should have administratively exhausted his claims and then filed suit within one year of the BOP Central Office denying his BP-11 appeal. This action was not filed until October 29, 2008.

Rodriguez continued to receive medical treatment for his nasal condition through December of 2008. Even assuming that because of the ongoing medical treatment the statute of limitations was not a procedural bar, the claim would still fail on the merits.

The Eighth Amendment contains both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321 (1991). The test to determine whether [a defendant] acted with 'deliberate indifference' has an objective and subjective component." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001). The objective component requires the existence of a "sufficiently serious medical need." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). The subjective component requires a plaintiff to show that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety, which is to say the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (quoting *Farmer v. Brennan*,

511 U.S. 825, 837, 114 S. Ct. 1970 (1994)) (internal quotation marks omitted).

The Court is willing to accept that a deviated septum is a serious medical condition, which finding satisfies the objective element of an Eighth Amendment claim. Here, however, Rodriguez has failed to satisfy the *subjective* prong of the claim. The record lacks any indication that Dr. Ramirez was deliberately indifferent to Rodriguez's medical conditions.[5] The BOP medical personnel, both at USP-Big Sandy and USP-McCreary, properly diagnosed the plaintiff's medical conditions and provided him with ongoing and proper medical treatment for his nasal problems, albeit the treatment was far more conservative than the surgery which the plaintiff desired.

Dr. Ramirez states that on December 16, 2008, Rodriguez's oxygen level was at 98 percent "which was good and it was my judgment an ENT consultation was not warranted as this time." [*See* Ramirez Decl., Record No. 22-2, ¶ 88]. Dr. Ramirez further states that "[i]f Mr. Rodriguez's condition deteriorates, he may be considered for a septoplasty and/or submucosal resection of inferior turbinates if an ENT advises the procedure is medically necessary and the URC (Utilization Review Committee) approves the recommendation." [*Id.*, ¶ 92].

In *Greer v. Daley*, 2001 WL 34377922 (W.D. Wis., December 27, 2001) (Not

---

5

Dr. Ramirez explained in detail that over the course of five years, the plaintiff received medical treatment for leg pain, heel pain, dermatitis, shoulder pain, coughs, sore throats, leg fractures, eye irritation, skin conditions, pulmonary disease, scalp lesions, ankle surgery, sprains, herpes, elevated lipids, pain, sunburn, and numerous diagnostic tests. *See* Ramirez Declaration, Record No. 22-2 (providing dates of all medical treatments rendered to the plaintiff).

Reported in F. Supp. 2d), the prisoner-plaintiff similarly alleged that the defendants' denial of surgery to correct a deviated septum violated his right to adequate medical care under the Eighth Amendment. The district court noted that "[t]he essential question in petitioner's case is whether the medical treatment he received is 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.'" *Id.*, at *3 (citing *Snipes v. Detella*, 95 F.3d 586, 592 (7th Cir. 1996)). In evaluating the issue, the court noted that several physicians disagreed as to whether surgery was required to correct the deviated septum. In light of that medical disagreement, the court held that the prisoner had not established the required deliberate indifference needed to maintain a claim under the Eighth Amendment. *Id*. at *3. The court reasoned as follows:

> It is not enough to simply assert facts that, if true, would constitute poor or negligent medical care. Such assertions might make out a state law tort claim for medical malpractice, but they do not support a claim that petitioner's rights under the Eighth Amendment have been violated. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Moreover, differences of opinion as to matters of medical judgment, negligent treatment or even medical malpractice are insufficient to state a claim under § 1983. *See Kelley v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990). **Although petitioner believes that those doctors who requested surgery are correct and those doctors who denied the surgery are incorrect, this belief is not enough to show that the lack of surgery amounts to deliberate indifference. To the contrary, the dispute indicates that the denial of surgery does not rise to the level of an Eighth Amendment claim for inadequate medical care. Differences of opinion as to matters of medical judgment do not state a claim under § 1983.**

*Greer*, 2001 WL 34377922, at *3 (emphasis added).

In Rodriguez's case, an ENT consult from September of 2004 resulted in a recommendation that a septoplasty would be in order for the plaintiff. Dr. Ramirez and the

URC disagreed that the surgery was required because they did not consider Rodriguez's nasal condition to be sufficiently deteriorated to warrant surgical intervention. As *Greer* dictates, where one medical professional differs with another as to the course of treatment, the one offering more conservative treatment does not act with either a "culpable state of mind" or with wantoness under the subjective prong of the Eighth Amendment.

Here, Rodriguez's dispute lies solely with the adequacy of the treatment and the course of treatment prescribed. Such a dispute does not rise to the level of an Eighth Amendment claim under *Westlake v. Lucas*, 537 F.2d at 860, where the distinction was made between a complaint alleging a complete denial of medical care and one where the prisoner was simply second guessing medical judgments and attempting to "constitutionalize claims which sound in state tort law."[6] *See also Durham v. Nu'Man* 97 F.3d 862, 869 (6th Cir. 1996) ("The Plaintiff's complaints go to the adequacy of the medical care; they do not raise an issue of unnecessary and wanton infliction of pain as required under *Estelle*. They were not deliberately indifferent to a serious medical need of the Plaintiff.").

In *Alexander v. Federal Bureau of Prisons*, 227 F. Supp.2d 657 (E.D. Ky. 2002), this Court addressed a prisoner's challenge to his medical treatment. The court entered summary

---

6

There are numerous unpublished Sixth Circuit opinions which adopt the *Westlake v. Lucas* holding. *See Wilson v. Wilkinson*, 62 Fed. Appx. 590, 2003 WL 1795812 (6th Cir. April 1, 2003) (Not selected for publication in the Federal Reporter); *Wooley v. Campbell*, 63 Fed. Appx. 789, 2003 WL 1795708 (6th Cir. March 27, 2003); *Wright v. Sapp*, 59 Fed. Appx. 799, 2003 WL 1465184 (6th Cir. March 17, 2003); and *Simpson v. Ameji*, 2003 WL 236520 (6th Cir. January 30, 2003). *See Jennings v. Al-Dabagh*, 97 Fed. Appx. 548, 550, 2004 WL 957817, 2 (6th Cir. 2004) ("Jennings's personal opinion that his care was substandard, or that he was not given the treatment he requested because of the costs associated with the treatment, raises claims of state-law medical malpractice, not constitutionally defective medical care indifferent to Jennings's serious medical needs.").

judgment in favor of the Bureau of Prisons, stating:

> While it appears that the plaintiff has not gotten what he wants, what he wants is not the issue. Ordering a specific type of surgery is not the appropriate function of this Court. The Court agrees with the defendants that, at most the plaintiff has alleged a difference in opinion between the plaintiff and his health care providers regarding the expediency of a specific treatment. This does not generally create a constitutional claim.

*Id*. at 666. Under *Alexander*'s analysis and the other cases cited herein, Rodriguez has at best alleged a state court medical malpractice claim, not a valid Eighth Amendment claim.

By failing to respond to the defendants' Motion to Dismiss, Rodriguez has obviously failed to produce the opinion of any medical expert to refute Dr. Ramirez's Declaration that the medical care provided to Rodriguez was warranted and adequate. *See Napier v. Madison County, Ky*., 238 F.3d 739, 742 (6th Cir. 2001) (plaintiff who asserts a claim based on delay in medical care is required to produce verifying medical evidence in the record in order to establish the detrimental effect of the delay) (relying on *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994).[7] Therefore, Rodriguez's Eighth Amendment claims against Dr. Richard Ramirez will be dismissed with prejudice for failure

---

[7] *See also Byers v. Strachan*, 69 Fed. Appx. 274, 275, 2003 WL 21456241, at *2 (6th Cir. June 20, 2003) (not selected for publication in the Federal Reporter) ("Insofar as Byers's claim relies on a delay in treatment, he must place verifying medical evidence in the record to establish the detrimental effect of the delay."); and *Carter v. Vandercook*, 59 Fed. Appx. 52, 54, 2003 WL 248074, at *2 (6th Cir. February 3, 2003)(not selected for publication in the Federal Reporter) ("Furthermore, to the extent that Carter asserted an Eighth Amendment claim based upon an alleged delay in medical treatment, his claim fails as he did not allege, much less provide verifying medical evidence to establish, the detrimental effect of the delay.").

to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Additionally, Rodriguez has failed to dispute Defendant Lisa Gregory's well-documented Declaration. He fails to dispute her statement that in her administrative capacity as Health Service Administrator at USP-McCreary, she had no direct involvement in the decisions relating to the medical treatment rendered to the plaintiff at either prison, and, specifically, Dr. Ramirez's decision not to authorize surgery on the plaintiff's nose.

A claim under *Bivens* requires a showing that the named defendant performed the acts that resulted in a deprivation of a constitutional right. *See Rizzo v. Goode*, 423 U.S. 362, 375-76, 96 S. Ct. 598 (1976); *Bivens*, 403 U.S. at 390 n. 2; *Williams v. Mehra*, 135 F.3d 1105, 1114 (6th Cir. 1998). Furthermore, the doctrine of *respondeat superior* is not a basis of liability in a *Bivens* action. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978); *Kesterson v. Luttrell*, 172 F.3d 48 (6th Cir. 1998) (Table); *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir.1978). In order to find supervisors liable, a plaintiff must allege that the supervisor condoned, encouraged or participated in the alleged misconduct. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989); *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241 (6th Cir. 1989), *cert. denied*, 110 S. Ct. 2173 (1990). A plaintiff must show "'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d at 421).

Plaintiff Rodriguez has failed to establish that Defendant Lisa Gregory was personally involved in his medical treatment. Thus, his Eighth Amendment *Bivens* claims against her

will be dismissed with prejudice for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Finally, Rodriguez has failed to properly identify the "John Doe" defendants named in his Complaint within 120 days of the entry of the March 10, 2009 Order as required by Federal Rule of Civil Procedure 4(m) [*See* Order, Record No. 7, p.10]. The claims against the "John Doe" defendants will also be dismissed with prejudice.

**III.**

Accordingly, **IT IS ORDERED** as follows:

(1) The "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" filed by Defendants Dr. Richard Ramirez and Lisa Gregory [Record No. 22] is **GRANTED**.

(2) This action will be **DISMISSED WITH PREJUDICE**.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion Order in favor of the named defendants.

This the 11th day of September, 2009.

